## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT

### INTRODUCTION

Pursuant to 28 U.S.C. § 1746, I, Pedro A. Delgado, declare under penalty of perjury that the foregoing is true and correct:

### BACKGROUND

1.   I, Pedro A. Delgado, am employed as a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (ICE-HSI) of the Department of Homeland Security (DHS), in San Juan, Puerto Rico (PR), and have been employed so since May of 2012. As a Special Agent for ICE-HSI, my responsibilities include conducting investigations related to alleged violations of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.). I have conducted investigations of alleged manufacturing, distributing or possession of controlled substances (21 U.S.C. 841 (a)(1)), importation of controlled substances (21 U.S.C. 952 (a)), smuggling of goods into the United States (18 U.S.C. 545), and related offenses.

2.   During my employment with HSI, I have participated in the surveillance and investigation of numerous drug traffickers. I have debriefed numerous persons arrested for controlled substance trafficking and have debriefed and directed confidential informants in gathering controlled substance intelligence. Also, I have spoken with experienced narcotics investigators concerning the method and practices of narcotics traffickers. Through my experience, training, and conversations with other investigators, I have also become familiar with the manner in which controlled substances are imported, manufactured, distributed and sold. More specifically, I have become familiar with the efforts of persons engaged in the importation, smuggling, manufacturing, distribution, and sales of controlled substances to avoid detection and apprehension by law enforcement officers. I have participated in wiretap investigations concerning the unlawful importation of controlled substances, possession with intent to distribute controlled substances, distribution of controlled substances, the laundering of monetary instruments, monetary transactions in property derived from specified unlawful activities, and conspiracies associated with such violations.

3.     Previously, I was employed with DHS, Enforcement and Removal Operations ERO, as an Immigration Enforcement Officer, from May 12, 2008 through December 03, 2011. I am currently a member of the United States Marine Corps Reserve and have been since June 04, 1992.

4.     In addition, I have received training and have participated in criminal investigations, including investigations relating to narcotics smuggling, financial investigations, aiding and harboring of aliens smuggled into U.S. jurisdiction, production of child pornography, among others.

5.     I have received detailed instruction in and conducted various complex conspiratorial investigations concerning the unlawful importation and distribution of controlled substances, the laundering and concealment of drug proceeds, and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities. I am aware that drug traffickers communicate with their drug trafficking associates utilizing cellular, residential, and business telephones. I am also aware that drug traffickers often utilize coded language, frequently change their telephone numbers and discard their respective telephones in an effort to avoid law enforcement detection.

6.     I am aware that drug traffickers conceal their properties and move their monetary currency to avoid law enforcement detection. I have received HSI training in the areas of money laundering, financial investigations, telecommunication/internet exploitation, and asset forfeiture, among others. I have also spoken in depth to experienced investigators concerning the methods and practices of drug traffickers and money launderers. During these conversations, I was able to validate the conclusions which I have drawn based on my own experience.

7.     Through my own training and experience, I have become familiar with the methods of operation typically utilized by drug traffickers.

8.     I make this affidavit based upon my experience, training and personal knowledge derived from my participation in this investigation and based upon other credible information.

9. Except where otherwise noted, the information set forth in this affidavit has been provided to me by another law enforcement officer (who may have had either direct or indirect knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Such statements are among several statements made by others and are stated in substance, unless otherwise indicated. Moreover, information resulting from surveillance, except where otherwise noted, does not set forth my personal observations but rather has been provided directly or indirectly through other law enforcement officers who conducted such surveillance.

10. I am currently assigned as the case agent for the investigation described in this affidavit. As a result of my personal participation, I have become familiar with all aspects of this investigation concerning the following offenses: Bulk cash smuggling into or out of the United States in violation of Title 31, United States Code, Section 5332.

## ITEMS TO BE FORFEITED

11. One (1) iPhone 5s and $368.00 in U.S. currency.

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

12. I make this unsworn declaration, on information and belief derived from the following source:

13. On December 15, 2015, at approximately 7:30 p.m., the Puerto Rico Police Department (PRPD) arrested Melvin CABALLERO-Fuentes for possession of a firearm after he fled from the drug point area located in front of building # 7, of the San Fernando Public Housing Project in San Juan, PR. Homeland Security Investigations (HSI) Special Agents presented the case to the United States Attorney's Office for the District of Puerto Rico, and a criminal complaint and indictment ensued. See Criminal Case Number 15-766 (CCC).

14. On December 15, 2015, at approximately 7:30 p.m., PRPD officers entered PHP San Fernando in an unmarked vehicle. Officers observed an individual, later identified as Melvin CABALLERO-Fuentes looking at the unmarked vehicle with a pistol in his hand. Officers exited the vehicle and immediately identified themselves as police. CABALLERO-Fuentes began to run and a foot pursuit ensued. Officers observed when CABALLERO-Fuentes threw

the pistol, a Glock 22, .40 caliber, serial number OPD 0434, while he was running. Officers apprehended CABALLERO-Fuentes, placed him under arrest and recovered the pistol. Police also seized one (1) iPhone 5s, valued at $199.00 and thirteen (13) twenty (20) dollar bills, eight (8) ten (10) dollar bills, two (2) five (5) dollar bills and eighteen (18) one (1) dollars bills totaling three hundred and sixty-eight United States Dollars ($368.00 USD), located on his person.

15. CABALLERO-Fuentes was transported to the HSI for processing. At approximately 12:30 a.m., SA Jose Cruz-Pillich and SA William Marrero commenced an interview with CABALLERO-Fuentes. CABALLERO-Fuentes was read his Miranda warnings by Jose Cruz-Pillich and witnessed by SA William Marrero. The HSI Miranda Warnings form was signed by CABALLERO-Fuentes, SA Jose Cruz-Pillich and SA William Marrero. CABALLERO-Fuentes waived his rights to have an attorney present and stated he would give a statement willingly and freely.

16. CABALLERO-Fuentes told agents that he recognized the officers and started to run. CABALLERO-Fuentes also told agents that as he ran he threw the pistol on to the ground. CABALLERO-Fuentes stated that the pistol was his and that he bought the pistol for protection. CABALLERO-Fuentes said he bought the pistol for $1,200.00. CABALLERO-Fuentes told agents that when he bought the pistol he knew it had a chip which makes the pistol fire like a machine gun.

17. Further investigation by HSI to determine CABALLERO-Fuentes sources of income revealed that he (CABALLERO-Fuentes) has never filed any income tax returns with the Puerto Rico Treasury Department.

18. On December 16, 2015, Melvin CABALLERO-Fuentes was indicted by a grand jury in the United States Court for the district of Puerto Rico for violations of Title 18 <u>United States Code</u>, Section 922(o); unlawful possession of a machine gun. <u>USA v. Melvin E. Caballero-Fuentes</u>, Criminal No. 15-766 (JAG). On August 3, 2016, defendant Melvin El Caballero-Fuentes was sentenced. See Docket Nos. 1 and 28.

19. Based upon my training, experience, and the facts that have been learned up to the present date concerning this investigation, I respectfully believe that probable cause does exist to

show a commission of violation(s) to Federal Law(s), to wit: Title 18 U.S.C. Sections 1956(a)(1)(A).

20. ICE hereby requests that the U.S. Attorney's Office for the District of Puerto Rico initiate judicial forfeiture action against the subject property, an iPhone 5s and $368.00 in U.S. currency, under 18 U.S.C. § 981 for violations of 18 U.S.C. § 1956.

Signed under penalty of perjury, in San Juan, Puerto Rico this 2S of NovemBer 2016.

_____
Pedro A. Delgado, Special Agent
Immigration and Customs Enforcement-
Homeland Security Investigations (ICE-HSI)